Lawrence *v.* Tucker.

---

## LAWRENCE & al. vs. TUCKER.

Though an attorney of record may have had knowledge of a prior conveyance of land attached in the suit in which he is retained, this does not affect the attachment, if his client had no such knowledge.

In cases of implied notice of a conveyance not recorded, the facts must be of such a nature as to leave no reasonable doubt of the existence of the conveyance.

IN this action, which was debt on bond, the principal controversy related to the proportion of interest which the plaintiffs acquired in certain farm called the *McIntire* farm, by the extent of their executions thereon as the property of *Joseph Granger.*

On the part of the plaintiffs, at the trial before *Parris J.* it was proved that the farm was conveyed by *Daniel Hooper* and *Daniel Sewall* to *Joseph Granger,* by deed dated *April* 10, 1824, and recorded *Jan.* 1, 1825. On the 10th day of *April,* 1826, *Joseph Granger* conveyed three undivided fourth parts of the farm to *George T. Granger,* which deed was recorded on the following day. On the 23d day of *August,* 1826, the remaining fourth part of the farm was attached in certain suits of the plaintiffs against *Joseph Granger* and others, by direction of Messrs. *John & Ether Shepley,* their attornies ; in which suits judgments were rendered at *May* term, 1827, and executions were regularly and seasonably extended on the 30th day of *June* following, upon the property so attached.

In the defence it was proved that *Joseph Granger* conveyed an undivided moiety of the premises to *George Scamman,* by deed dated *April* 15, 1824, but not, recorded till *July* 30, 1827.  On the 6th day of *December,* 1824,  by a deed of that date acknowledged before *Ether Shepley,* Esq.  *April* 21st, and recorded *April* 25, 1825, *George Scamman* conveyed the same undivided moiety to *Joseph Granger, Daniel Granger* and *Andrew Scamman.*  On the 10th day of *April,* 1826, *Daniel Granger,* by his deed of that date, recorded on the following day,  conveyed his one undivided third part of that moiety to *Joseph Granger.*  On the 12th day of *April* 1826, the defendant, by the Messrs. *Shepley* his attornies, caused two undivided twelfth parts of the farm to be attached in his suit against *Joseph Granger, Daniel Granger* and *Andrew Scamman ;* on which his execution was afterwards seasonably and regularly extended on the 12th day of *June* 1827.  The same officer made all the attachments.  It was admitted that the defendant had acquired all the title of *George T. Granger* to three fourths of the farm ; and he now contended that since the extent of his execution, he was entitled to eleven twelfths.

The defendant offered parol testimony to prove that the farm was originally contracted for by *Joseph Granger* and *George Scamman,* each of whom paid a moiety of the purchase money ; that the deed was made to *Joseph Granger* by mistake, but they took it as it was, he agreeing to make a deed to *Scamman* on his return home ; that their joint purchase was a matter of public notoriety ; and that the deed to him of *April* 15, 1824, not recorded till *July* 30, 1827, was made pursuant to that agreement.  But this evidence was rejected by the judge.

It was proved by the defendant by the testimony of *Joseph Granger,* that in 1824, the witness made an agreement with one *Henry Green* for the management of the whole farm,  considering himself as tenant of *George Scamman's* moiety ; that the latter went with him to the farm where he gave some directions respecting the repair of the house,  and the cutting of a tree for ship timber ; that *Joseph* and *Daniel Granger* and *Andrew Scamman,* entered under

the deed of *Dec.* 6, 1824, and continued to occupy the premises, by cutting timber and taking the crops; that previous to *May* term, 1826, the witness informed Mr. *E. Shepley* that *George Scamman* was joint purchaser of the farm with him; and afterwards, previous to the levies, Mr. *Shepley* mentioned to him several parcels of land, and among them this farm, as land the title to which on record appeared to be in him, and deeds of conveyance from him were not on record; whereupon the witness replied that Mr. *Shepley* knew of these deeds; and the latter answered that his clients in *Boston* did not. The witness then inquired if it was not sufficient if their attorney knew of the conveyance; and was answered that knowledge of the existence of the deeds must be brought home to his clients. Mr. *Shepley,* however, testified that he had no knowledge how the title stood, or that *Joseph Granger* had ever made a deed, till he obtained it by extracts from the record, after the attachments, but before the executions were extended.

*Greene* continued to occupy the farm as tenant, from the spring of 1824 to the autumn of 1828, under his original agreement with *Joseph Granger,* no other having been made; and *Granger* appeared principally active in all the other business done upon the farm, which consisted in cutting ship timber, and peeling bark.

Upon this evidence the parties submitted the case to the decision of the court; agreeing that the court might infer whatever a jury lawfully might, from the facts proved.

*J. Shepley,* for the plaintiffs, contended that neither the directions given by the attornies to the officer, nor the fact of his attaching the land previously at the suit of the defendant, nor that one of the deeds was acknowledged before one of the plaintiff's attornies, proved any notice to the plaintiffs of a conveyance of the land prior to their attachment. *Stanley v. Perley,* 5 *Greenl.* 373; *Farnsworth v. Child,* 4 *Pick.* 637; *Connecticut v. Bradish,* 14 *Mass.* 296; *Cushing v. Hurd,* 4 *Pick.* 253; *Trull v. Bigelow,* 16 *Mass.* 406.

And to the point that the facts proved relating to the possession of the land did not amount to notice of the title of *D. Granger* or ei-

Lawrence *v.* Tucker.

ther of the *Scammans,* he cited *Norcross v. Widgery,* 2 *Mass.* 506 ; *McMechan v. Griffin,* 3 *Pick.* 149 ; *Boynton v. Rees,* 8 *Pick.* 329.

*Goodwin,* for the defendant, argued—1st. That *George Scamman,* by virtue of the deed from *Joseph Granger* to him of *April* 15, 1824, because forthwith seised of one moiety of the farm as tenant in common ; and that the possession of his co-tenant, and of *Greene,* and of his grantees, were in law the possession of *George,* and affected third persons with all the consequences of actual notice of his title. *Marshall v. Fisk* 6 *Mass.* 24 ; 3 *Mass.* 573 ; *Prist v. Rice,* 1 *Pick.* 164 ; *Brown v. Wood,* 17 *Mass.* 68 ; *Barnard v. Pope,* 14 *Mass.* 434 ; *Shumway v. Holbrook,* 1 *Pick.* 114 ; *Porter v. Cole,* 4 *Greenl.* 20 ; *Farnsworth v. Child,* 4 *Pick.* 637.

2d. Being thus seised, his title passed to *Daniel Granger* and others his grantees, by his deed to them of *Dec.* 6, 1824.

3d. The actual notice had by the plaintiffs' attornies, proved by their directing the prior attachment in favor of the defendant, by taking acknowledgement of the deed, and by their own admission, was of itself sufficient to affect the plaintiffs themselves. *Cruise's Dig. tit.* 32, *chap.* 28, *sec.* 21, 24 ; *Jackson v. Sharp,* 9 *Johns.* 163 ; *Paley on Agency,* 200 ; *Brown v. Maine bank,* 11 *Mass.* 153.

4th. At least, the deed from *George Scamman* to *Daniel Granger* and others operated to disseise *Joseph Granger* of the proportion therein conveyed ; and to estop him, and of course all claiming under him, from denying the seisin of his two co-tenants. *Gookin v. Whittier,* 4 *Greenl.* 16 ; *Little v. Libby,* 2 *Greenl.* 242 ; *Ken. Prop'rs v. Laboree, ib.* 273 ; *Higbee v. Rice,* 5 *Mass.* 344 ; *Little v. Megquier,* 2 *Greenl.* 176 ; *Robison v. Swett,* 3 *Greenl.* 316 ; 3 *Com. Dig. tit. Estoppel A. B.; Stearns v. Barrett,* 1 *Pick.* 443 ; *Barnett v. Hall,* 1 *Mason,* 472 ; *Bean v. Parker,* 17 *Mass.* 591. Being thus disseised, he could not convey the land ; nor can his creditor acquire it by attachment and extent. *Porter v. Perkins,* 5 *Mass.* 233 ; *Warren v. Child,* 11 *Mass.* 222 ; *Davis v. Blunt,* 6 *Mass.* 487 ; *Bott v. Burnell,* 9 *Mass.* 96 ; *Waterhouse v. Gibson,* 4 *Greenl.* 230 ; *Bartlett v. Harlow,* 12 *Mass.* 348.

Lawrence *v.* Tucker.

MELLEN C. J. delivered the opinion of the Court at the ensuing *May* term, in *Cumberland*.

This is an action of debt on bond. Upon the several pleadings and issues, the principal, if not the only question, is whether the plaintiffs, by means of certain attachments and the levies of their respective executions, hereafter described, in connexion with certain conveyances and their legal operation, are owners of one fourth part of the *McIntire* farm, so called, or only one twelfth part thereof. Though a long catalogue of facts is contained in the report of the judge, yet we apprehend that the decision of the cause depends on a few of them only. By the deed from *Sewall* and *Hooper* to *Joseph Granger*, the legal estate of the whole was conveyed to him, although *George Scamman* was concerned in the purchase and paid one half of the purchase money, and although the plaintiffs were acquainted with that fact. A part of the plaintiffs in their action against the said *Joseph Granger*, and the remaining part of them in their action against him, caused the said tract of land to be attached on the 23d day of *Aug.* 1826. In *May* 1827, they respectively recovered judgment, and on the 30th day of *June* following, they caused their executions to be duly extended on one undivided fourth part of said lot of land. These executions having been levied within thirty days after rendition of judgment, and seasonably registered, conveyed a good and legal title to the plaintiff, having relation back to the 23d of *August*, 1826, the day of attachment, unless the plaintiffs or their attornies, before or at the time of the attachments, had knowledge of the existence of the deed made by *Joseph Granger* to *George Scamman* on the 15th day of *April*, 1824, of one undivided moiety of that tract of land, though the deed was not registered until *July* 30th, 1827, about eleven months after the attachments were made. If they had such knowledge, it is admitted that the title of *George Scammon* under this deed would prevail against the levies. It is not pretended that either of the plaintiffs had any express knowledge previous to the attachments. Nor is there any proof that either of the attornies of either set of creditors had such express knowledge at that time, though *E. Shepley* had notice of it after

the attachments and before the extent of the executions; but such knowledge does not defeat the title under the execution, as we decided in the case of *Stanley v. Perley,* 5 *Greenl.* 369. It is contended, however, that *E. Shepley* must be presumed to have known the existence of that deed because he took the acknowledgement of the deed from *George Scamman* to *Joseph* Granger and others of *Dec.* 6, 1824, of the same moiety previously conveyed to *George Scamman* by *Joseph Granger.* Nothing can be more slender than such a presumption ; for surely a magistrate has no occasion to examine the contents of a deed, merely because the grantor applies to him to take the acknowledgement of it. He has no concern with the contents, or right to examine them. But it is idle to urge this argument, because *E. Shepley* testified that he did not know of the existence of the deed till some time after the attachments were made. There is an end then of all pretence of express knowledge.

But it is contended that the possession of *George Scamman* under the deed from *Joseph Granger* to him, was of such a nature as to furnish implied notice of a conveyance of the title and a change of ownership. In cases of implied notice, the facts must be of such a nature as to leave no doubt of the truth of the transaction ; suspicion, conjecture and probability, that there has been a change of property and transfer of title are not sufficient. *McMechan v. Griffin,* 3 *Pick.* 149, and cases there cited ; *Boynton v. Rees,* 8 *Pick.* 329. For in many cases even where there has been a change of property, there may have been no change of possession in virtue of which third persons would be able to draw any satisfactory much less any certain conclusions as to the real state of the title. The facts in the present case, from which it is contended that notice of the conveyance from *Joseph Granger* is to be implied, are of a very doubtful character; for though *Henry Green* occupied the *McIntire* farm from the spring of 1824 to the autumn of 1828, he made the bargain with *Joseph Granger* the first year, and there was no other agreement made afterwards until the last year, or year 1828. It is true *Granger* states that after the year 1824 he considered himself tenant under *George Scamman* of one half, and

*Green* as tenant of the whole; still this understanding of *Joseph Granger* as to his own character and that of *Greene*, in relation to the occupation of the farm, were circumstances known only to themselves. They gave nothing in the shape of information to others of any change of title and consequent change of possession ; and the more natural presumption was that any acts done by *Joseph Granger* on the land, from the years 1824 to 1828 inclusive, were done in virtue of his ownership under his deed from *Sewall* and *Hooper*, recorded *January* 1, 1825.

We do not perceive any objection to the title of the plaintiffs under their respective attachments and levies, in consequence of the alleged disseisin of *Joseph Granger* by means of the deed of *George Scamman* to *Joseph Granger*, *Daniel Granger* and *Andrew Scamman*, bearing date *December* 6, 1824, and their entry under it ; their possession, whatever it was, must have been in common, and so was not exclusive of *Joseph Granger's* rights. The ruling of the judge, by means of which certain parol evidence which had been offered was excluded, was unquestionably correct. There must be judgment for the plaintiff, according to the agreement of the parties.