## Wilker, Appellant, *v.* Jenkins.

*Promissory notes—Time of payment—Validity.*

A promise to pay a given sum "Some time after," with a further notation "Due to pay as fast as I can," is a definite obligation to pay a certain sum within a reasonable time.

It is no objection to the validity of a note that it has no time of payment mentioned. The obligation contains an express promise to pay; it recites a full consideration, provides for the payment of interest, and authorizes the collection of attorney's fees, if not paid when due. It definitely appeared therefore that the maker owed the debt and intended to pay.

A definite time of payment not having been made, the obligation will be construed as to allow the payer a reasonable time within which to make payment or acquire the means to do so, but this time will not be extended as to defeat the purpose of the contract and enable the debtor to wholly avoid his obligation. Where the happening of a future event is agreed upon as a time convenient for the payment of the debt, and the event does not occur, the law will imply that the undertaking was to pay the debt and to do that within a reasonable time.

The contract and other relevant facts, having established an obligation of the defendant to pay within a reasonable time, the period between the date of the obligation and the date of the issuing of the summons, practically six years, was a reasonable time.

Argued April 15, 1926. Appeal No. 126, April T., 1926, by plaintiff, from judgment of C. P. Somerset County, May T., 1924, No. 200, in the case of Bertha J. Wilker v. Marshall J. Jenkins. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit on promissory note. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of plaintiff. Subsequently the

Court, on motion, entered judgment in favor of defendant non obstante veredicto.   Plaintiff appealed.

Error assigned was the decree of the Court.

*Joseph Levy,* for appellant.

*J. C. Lowry,* for appellee.

OPINION BY HENDERSON, J., July 8, 1926:

The plaintiff's cause of action is a promise in writing of the defendant in the form following:

> "Ursina, Pa., April 10th, 1918
> "$600.00/100
>
> "Some time after date for Value received I promise to pay to Mrs. E. T. Wilker or order Six Hundred Dollars at——— To bear interest at the rate of 4 per cent per annum from April 10th 1918   And further hereby agree that if this Note is not paid when due to pay all costs necessary for collections, including ten per cent for attorney's fees.
>
> "Due to pay as fast               M. L. Jenkins."
>     as I can."

the consideration for which was a loan of $600 made at the time when the writing was executed.   Interest on the indebtedness for one year was paid by the defendant.   Nearly six years having elapsed without other payment having been made, this action was brought.   After a verdict for the plaintiff, the trial court entered judgment for the defendant n. o. v., the basis of the decision being the lack of a definite time stated in the instrument for the payment of the note. The position taken by the plaintiff is that the obligation became due within a reasonable time, that the period intervening between the date of the note and

the time the action was brought was a reasonable time, and that the question of reasonable time is one for the court. The defendant admitting the debt and the promise asserts that the obligation is conditional; and not now enforceable because the condition had not arisen on which the maturity of the paper was to occur, he not being the owner of any property from which the sum of $600 could be collected. The verdict of the jury was in favor of the plaintiff on the issue joined, but the learned trial judge entertaining the view of the law as claimed by the defendant entered judgment for the latter n. o. v. The single question presented on the appeal is does the obligation above recited sustain the action? There can be no doubt that the body of the note contains a valid agreement, notwithstanding the fact that no date is fixed for its payment. It is no objection to the validity of a note that it has no time of payment mentioned: Thompson v. Ketcham, 8 Johnson 189; Frech v. Yawger, 54 N. J. Law 123; Wheatley v. Strobe, 12 Cal. 92. The obligation contains an express promise to pay; it recites a full consideration, provides for the payment of interest, and authorizes the collection of attorney's fees, if not paid when due. It definitely appears therefore that the maker owed the debt and that he intended to pay it. The words attached at the bottom of the note "due to pay as fast as I can" afford the ground for controversy on which the defendant relies. If we apply to these words the rule stated in Nunez v. Dautel, 19 Wall. 560, the plaintiff was entitled to the verdict. In that case the qualification of the obligation was "this we will pay as soon as the crop can be sold or the money raised from any other source." It was held on the appeal that it could not have been the intention of the parties that if the crop was destroyed or from any other cause could never be sold, and the defendants could not procure the money from any other source, the debt should never be paid. It was further held that payment was

not conditional to the extent of depending wholly and finally on the alternative mentioned. The promise was construed to mean that the maker had a reasonable time within which to procure in one or the other of the ways stated the means to pay the obligation and upon the lapse of such time, as the conditions fairly implied, the debt became payable. In Page v. Cook, 164 Mass. 115, the obligation sued on was made payable when the maker and the payee should mutually agree, and no agreement was effected between them. This was construed as meaning that the debt was payable when and after the maker ought reasonably to have agreed with the payee. On such obligation it was held that the law will imply a reasonable time for an agreement between the parties, and in case of failure after reasonable delay, the maturity of the contract would occur. Numerous cases in other jurisdictions are to the same effect: Hawkins v. Graham, 149 Mass. 284; Crooker v. Holmes, 7 Me. 195; Works v. Hershey, 35 Ia. 340; Lewis v. Tipton, 10 Ohio St. 88. This rule of construction accords with sound reason, for granting a full consideration for the promise, and a recognition by the maker of the existence of the debt and an express promise to pay, it cannot readily be believed that it was also an agreement that it should only be paid at the option of the debtor unless the agreement was expressly made to that effect. The object of the contract was the giving to the payee security for her claim, not to give the debtor a release from the obligation to pay. The court below supported the decision principally by two cases in this state: Nelson v. Von Bonnhorst, 29 Pa. 352; Kreiter v. Miller, 1 Pennypacker 46. In the first the maker's promise was "to pay whenever in my opinion my circumstances will be such as to enable me so to do" and in the latter the obligation was "to be paid at my convenience whenever I have funds in hands to pay the same." In the former case it was held that the contract was not a legal obli-

gation for the debtor reserved to himself the control of the remedy; that by the plain terms of the instrument the payee accorded to the payor the right to pay when the latter considered his circumstances to be such as would enable him to pay; the liability rested wholly on the pleasure of the maker. The obligation in the latter case is in substantially the same form. Payment was to be made at the convenience of the payor when in possession of funds, that is whenever in the latter's discretion he had funds available for the purpose. The appellant's note is not in equivalent terms. Following the express obligation to pay the words with reference to the time of payment were added apparently to restrict the general "some time" period in the body of the note. Nothing is left to the "opinion" or "convenience" of the debtor. Payment was to be made as fast as could be done and in recognition of this obligation one payment was made. We do not regard the cases last above cited as controlling the question now presented. It is rather to be resolved in favor of the appellant in accordance with the rule that a definite time of payment not having been made, the obligation will be so construed as to allow the payor a reasonable time within which to make payment or acquire the means so to do, but that this time shall not be so extended as to defeat the purpose of the contract and enable the debtor to wholly avoid his obligation. The testimony taken at the trial is not presented in the appellant's brief, but a statement of the case setting forth the issue involved and the record of the proceeding as agreed to by the counsel is on file. From it we may infer that the jury found in favor of the plaintiff on the issue of fact as to the defendant's ability to pay. However this may be, it is a reasonable rule that where the happening of a future event is agreed on as a time convenient for the payment of a debt, and the event does not occur, the law will imply that the undertaking was to pay the debt and to do that

within a reasonable time. In our opinion the contract and the other relevant facts established an obligation of the defendant to pay within a reasonable time and that the period between the date of the obligation and the date of the issuing of the summons, practically six years, was a reasonable time.

The judgment is reversed and the record remitted to the court below with a direction to enter judgment on the verdict.