## Bridge et ux. v. Bridge et al.

*B. F. Umberger*, for plaintiffs:
*Luke Baker*, for *E. K. Bridge*, defendant.

BARNETT, P. J., August 5, 1937.—Plaintiffs by their bill in equity pray for the annulment of their deed of conveyance to defendant, Edward K. Bridge, or for one or another of a number of suggested decrees. The case was heard upon bill, answer, oral testimony, and documentary evidence.

### Findings of fact

1. Plaintiffs are husband and wife. Defendant Edward K. Bridge is the son of plaintiff Christ F. Bridge, by a prior marriage.

2. On and before March 29, 1934, plaintiff Christ F. Bridge was the owner and in possession of a tract of 107 acres of land, situate in Carroll Township, Perry County, Pa.

3. By deed dated March 29, 1934, recorded in the recorder's office of Perry County in Deed Book 116, p. 302, plaintiffs conveyed the said tract of land in fee to defendant Edward K. Bridge. The deed specified a consideration of $1.

4. It was not the understanding of the parties that the transaction was completed by delivery of the deed. The deed was to be accompanied by a written agreement, the chief purpose of which was to prevent sale of the land by Edward's creditors during the lifetime of grantors. The

scrivener of the deed, Mr. Minnick, was not prepared to draw the agreement at the time, and it was left to be "fixed up" later.

5. The actual consideration for the purchase was set by oral agreement between Christ F. Bridge and Edward K. Bridge, made at or before the time the deed was delivered, by which Edward was to pay to Christ for the property the sum of $1,500 with interest thereon, or upon any unpaid remainder thereof, at the rate of four percent per annum until the said sum should be fully paid; the purchase money was to be paid "as fast as possible" as "soon as convenient to Ed [Edward K. Bridge]", or "as [he, Edward] can".

6. Some time after the delivery of the deed a fire insurance policy, covering buildings on the premises, was transferred by Christ F. Bridge to Edward K. Bridge.

7. Edward K. Bridge, on delivery of the deed, took immediate possession of the premises and has continued in possession ever since.

8. At the time of the delivery of the deed there were of record in the Court of Common Pleas of Perry County two judgments against Edward K. Bridge, one to no. 125, January term, 1931, in favor of W. H. Bentzel for $1,150, the other to no. 115, January term, 1931, in favor of J. T. Alter, cashier, for $160. The former judgment was revived February 26, 1936, to no. 95, January term, 1936, and the latter February 28, 1936, to no. 98, January term, 1936, each for the amount of the original judgment.

9. On June 19, 1934, a paper styled "Articles of Agreement" was executed by Christ F. Bridge and Laura Bridge, parties of the first part, and Edward K. Bridge, party of the second part. This paper on December 16, 1935, was acknowledged by Christ F. Bridge and Laura Bridge, but not by Edward K. Bridge, and on the same day it was recorded in the recorder's office of Perry County in Deed Book 117, p. 298. The agreement provided that "if the party of the second part shall first make payments and perform the covenants hereinafter

mentioned" the party of the first part will convey to him in fee simple the tract in the bill described; "and the said party of the second part hereby covenants and agrees to pay to the said party of the first part the sum of Fifteen Hundred Dollars in the manner following: Pay as much as possible annually on principal, as long as party of the first part shall live, and at his death the property shall belong to party of the second part, but property shall belong to party of the first part as long as either C. F. Bridge or Laura Bridge, his wife, shall live, with interest at the rate of 4% per annum, payable annually, on the whole sum remaining from time to time unpaid, and to pay all taxes, assessments, or impositions that may be legally levied or imposed upon said land, subsequent to the year 1934. Party of the second part agrees to give party of the first part the privilege to pasture one cow as long as party of the first part lives".

"It is mutually agreed, by and between the parties hereto, that the time of payment shall be the essence of this contract and that all the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties."

10. The agreement partially quoted in the preceding paragraph was prepared and executed at the instance of Christ F. Bridge and in pursuance of the understanding of the parties when the deed was delivered, in the belief that it would protect the property he had conveyed to his son from sale by the latter's creditors and "to carry out the terms of the agreement originally entered into".

11. On February 21, 1935, the dwelling house on the premises was destroyed by fire, and insurance in the amount of about $600 was collected by Edward K. Bridge.

12. On or about May 15, 1935, Edward paid to Christ F. Bridge, out of the proceeds of insurance money he had received, $200 on account of the purchase money, and $60 interest for one year on the full purchase price. Later in 1935 he paid him $52 interest for one year on the re-

maining $1,300 of the purchase price. He paid nothing further on account of principal or interest.

13. The execution and delivery by Edward K. Bridge of a judgment note for the purchase money of $1,500 was not included in nor discussed at the time of the verbal contract for the sale of the tract. The agreement of June 19, 1934, was not intended to include or to be a substitute for such note. The matter of a note was not discussed at any time by the parties to the sale, nor demand for it made by Christ F. Bridge, until after February 21, 1935, when the dwelling house was burned.

14. It was not the intention of the vendors to reserve a life estate in the premises conveyed.

### Discussion

The primary question to be determined is that of the intention of the parties at the time of delivery of the deed. If this can be ascertained it may be effected in this proceeding, as rights of third parties have not intervened. That the conveyance was not intended as a gift is certain. It is equally clear that it was not intended to reserve a life estate to the vendors. There was immediate delivery of possession, with no reservation of rent or provision for reëntry. Edward was undoubtedly correct when he testified that "the condition of the deed was I was to pay $1500, and 4 percent interest". His further testimony that "he [Christ] wanted a little paper made up to keep Jim Bentzel from selling the property" was in accord with all other testimony on this point, and indicated clearly that it was the understanding of the parties that the property was sold for a specified consideration and was not to be subjected to the demands of Edward's creditors until the consideration had been paid. There was the additional condition to the absolute conveyance that "the party of the first part" should have "the privilege to pasture one cow [on the demised premises] as long as the party of the first part lives", that is, until the death of the survivor. All this is made more or less

clear by the agreement of June 19, 1934, which, as Edward testifies, "was to carry out the terms of the agreement as originally entered into", which agreement "was to protect Father's [Christ's] interest".

If the transaction had been consummated in the office of an attorney, the respective rights and obligations of the parties would have been expressed and secured by a clause in the deed reserving the right of pasturage, and by a judgment or mortgage for the purchase price. Since the parties, inops consilii, failed effectively to reserve the rights and fix the obligations clearly indicated by the evidence, it becomes the duty of the court in this proceeding to do so.

It is true that as to the consideration for the conveyance plaintiff had an adequate remedy at law by suit in assumpsit upon the oral promise to pay. This objection to the bill, made for the first time in the oral argument, comes too late. Since passage of the Act of June 7, 1907, P. L. 440, such objection must be made by demurrer or answer filed before hearing of the cause upon the merits, and must be decided in limine. This not having been done, the objection is waived, and the remedy must be applied in this proceeding.

The evidence establishes, and defendant Edward K. Bridge admits, that he was to pay $1,500 for the property, with interest at four percent on deferred payments. When was payment to be made? "As fast as possible", "as soon as convenient to Ed", "as [he, Edward] can". Where the time of payment is so vaguely fixed, the rule is that "a definite time of payment not having been made, the obligation will be so construed as to allow the payor a reasonable time within which to make payment or acquire the means so to do, but that this time shall not be so extended as to defeat the purpose of the contract and enable the debtor to wholly avoid his obligation": Wilker v. Jenkins, 88 Pa. Superior Ct. 177, 181; Harrison v. Atlee, 38 Pa. Superior Ct. 241; Schofield v. Schofield, 124 Pa. Superior Ct. 469, 477; Appeal of the Trustees

of the University of Pa., 97 Pa. 187, 193. Defendant accepted the conveyance and his promise to pay for the property conveyed became effective March 29, 1934, more than three years ago. We believe this was a reasonable time within which he should have made payment or acquired the means to do so. Plaintiff, Christ F. Bridge, is therefore entitled to a decree requiring the immediate payment by Edward K. Bridge to him of the remainder of principal and interest at four percent now due according to the following calculation:

| | | |
|---|---:|---:|
| Principal debt | | $1,500.00 |
| Interest March 29, 1934, to | | |
| May 15, 1935 | $67.80 | |
| Credits, May 15, 1935 | 60.00 | 200.00 |
| | $7.80 | $1,300.00 |
| Interest on $1,300, May 15, | | |
| 1935, to Aug. 5, 1937 | 115.55 | |
| | $123.35 | |
| Credit on interest 1935 | 52.00 | 71.35 |
| Total now due | | $1,371.35 |

W. H. Bentzel and J. T. Alter, cashier, judgment creditors of Edward K. Bridge, although named as defendants in plaintiff's bill, filed no answer and appeared neither in person nor by counsel. Their judgments, revived respectively February 26 and February 28, 1936, became liens only upon the equitable interest of Edward in the land conveyed by plaintiffs to him, which was that of owner, subject to the equitable lien for the purchase money, and the easement for pasturage. Their judgments must therefore be postponed in lien to that of the judgment to be entered in favor of plaintiffs upon the decree now to be made.

### Conclusions of law

1. The title of Edward K. Bridge to the land conveyed to him by plaintiffs is that of owner in fee simple, subject to an equitable lien for the unpaid balance of the purchase money, with interest to date at four percent, less credit for interest paid, and subject also to the easement of the right of plaintiffs to pasture one cow on said lands during the lives of plaintiffs and the survivor of them.

2. Plaintiff Christ F. Bridge is entitled to a decree for the immediate payment by defendant Edward K. Bridge to him of the unpaid balance of the purchase money for said land, with interest to date at four percent, less credit for interest paid, or the total sum of $1,371.35.

3. Plaintiffs have an easement on the land conveyed against defendant Edward K. Bridge, his heirs and assigns, consisting of the right to pasture one cow on said land during the lives of plaintiffs and the survivor of them.

4. The liens of the judgments of W. H. Bentzel and J. T. Alter, cashier, should be postponed to that of the decree and judgment to be entered in favor of plaintiff Christ F. Bridge against defendant Edward K. Bridge.

5. The costs of this proceeding should be paid by defendant Edward K. Bridge.

### Decree nisi

And now, August 5, 1937, it is ordered, adjudged, and decreed:

1. That defendant Edward K. Bridge pay to plaintiff Christ F. Bridge the sum of $1,371.35, and the prothonotary is directed to enter this decree as a judgment of this date, in favor of the said Christ F. Bridge and against defendant Edward K. Bridge, in the judgment or lien docket of Perry County as provided by the Act of March 29, 1859, P. L. 289, sec. 1.

2. The deed of plaintiffs to defendant Edward K. Bridge, dated March 29, 1934, recorded in Deed Book

116, p. 302, for the land described in paragraph 3 of plaintiffs' bill, is hereby reformed and amended by the addition thereto of the paragraph: "Party of the second part covenants and agrees to give party of the first part the privilege to pasture one cow upon the lands hereby conveyed as long as the party of the first part or either of them shall live;" and the recorder of deeds is directed to note such amendment upon the margin of the said deed as recorded.

3. The liens of the judgments of W. H. Bentzel and J. T. Alter, cashier, nos. 95 and 98, respectively, of January term, 1936, are hereby postponed to the lien of this decree and the judgment to be entered thereon, in favor of plaintiff Christ F. Bridge and against defendant Edward K. Bridge, and the prothonotary is directed to note such postponement upon the records of the first-mentioned judgments.

4. Defendant Edward K. Bridge shall pay the costs of this proceeding.

The prothonotary is directed to enter the foregoing as a decree nisi and if no exceptions shall be filed thereto within 10 days to record the same as the final decree.