## Flaharty, Executor, v. Blackburn

*J. T. Atkins*, for plaintiff.

*J. J. Logan*, for defendant.

SHERWOOD, P. J., July 23, 1945.—This action is one in assumpsit. Plaintiff seeks to recover a sum of money loaned to the defendant and for which he made, executed and delivered his promissory note, dated March 25, 1940. Plaintiff's amended statement was filed in due course and the facts averred therein must be accepted as true. The note was in the following form:

"P. O. Woodbine, Pa., Delta, Pa.,
Mar. 25th, 1940.

$400.00
No. . . . . . . . . . .
Due . . . . . . . . . .

. . . . . . . . Days after date, I, we or either of us promise to pay to the order of Sallie Montgomery, at
The Delta National Bank,
Delta, Pa.,
Four Hundred. to be paid as he can Dollars, without defalcation, value received with interest.

"And further I do hereby authorize and empower any attorney of any court of record of Pennsylvania, or elsewhere, to appear for and to ˙enter judgment against me for the above sum if not paid at maturity, with or without defalcation, with cost of suit, release of errors, without stay of execution, and with five per cent added for collection fees; and I also waive the right of inquisition on any real estate that may be levied upon to collect this sum, and do hereby voluntarily condemn the same, and authorize the prothonotary to enter upon the *fi. fa.* my said voluntary condemnation, and I further agree that said estate may be sold on a *fi. fa.*, and I hereby waive and release all relief from any and all appraisement, stay, or exemption laws of any state, now in force, or hereafter to be passed.

"Witness:
In Case of Death,
Pay to Harry Howard.

.................. (Seal)
Walter D. Blackburn (Seal)
.................. (Seal)"

The written words "to be paid as he can" in the note cause the dispute between the parties. Defendant filed an affidavit of defense raising questions of law and these may be summed up under two heads: (1) The obl˙gation being moral and not legal, no cause of action lies; (2) the death of Sallie Montgomery having occurred without any attempt to collect on her part during her lifetime, the cause of action is vested by the terms of the note in Harry Howard.

In support of the contention that the obligation is moral and not legal, defendant cites Nelson v. Von Bonnhorst, 29 Pa. 352; Kreiter v. Miller, 1 Pennypacker 46, the former case being affirmed in D'Orazio v. Masciantonio, 345 Pa. 428. In Nelson v. Von Bonnhorst, the language used was "whenever, in my opinion, my circumstances will enable me to do so"; and in

Kreiter v. Miller, the language used was "to be paid at my convenience whenever I have funds in hands to pay the same"; while the agreement in the case of D'Orazio v. Masciantonio contained express provisions prohibiting foreclosure on the mortgage so long as three percent interest was paid by the surviving mortgagor. The language used in each of the above cases clearly indicated an intention that the debtor is to be the sole judge of when the obligation is to be paid.

In Wilker v. Jenkins, 88 Pa. Superior Ct. 177, a case in which the facts are similar to the case at bar, the court refers to the cases of Kreiter v. M'ller, supra, and Nelson v. Von Bonnhorst, supra. In that case the note was payable "sometime after date" with the written provision added "due to pay as fast as I can", while in the instant case the language is "———— days after date, I promise to pay to the order of Sallie Montgomery" with the written words "to be paid as he can". In this case, as in Wilker v. Jenkins, it definitely appears therefore that the maker owed the debt and that he intended to pay it. Under the language used by the parties "to be paid as he can", it cannot readily be believed that it was also an agreement that it should only be paid at the option of the debtor. The object of the contract was the giving to the payee security for her claim, not to give the debtor a release from the obligation to pay. As was further said in the case of Wilker v. Jenkins, supra (p. 180) :

"The court below supported the decision principally by two cases in this State: Nelson v. Von Bonnhorst, 29 Pa. 352; Kreiter v. Miller, 1 Pennypacker 46. In the first the maker's promise was 'to pay whenever in my opinion my circumstances will be such as to enable me so to do' and in the latter the obligation was 'to be paid at my convenience whenever I have funds in hands to pay the same'. In the former case it was held that the contract was not a legal obligation for the debtor reserved to himself the control of the remedy; that by

the plain terms of the instrument the payee accorded to the payor the right to pay when the latter considered his circumstances to be such as would enable him to pay; the liability rested wholly on the pleasure of the maker. The obligation in the latter case is in substantially the same form. Payment was to be made at the convenience of the payor when in possession of funds, that is whenever in the latter's discretion he had funds available for the purpose. The appellant's note is not in equivalent terms. Following the express obligation to pay the words with reference to the time of payment were added apparently to restrict the general 'some time' period in the body of the note. Nothing is left to the 'opinion' or 'convenience' of the debtor. Payment was to be made as fast as could be done and in recognition of this obligation one payment was made. We do not regard the cases last above cited as controlling the question now presented. It is rather to be resolved in favor of the appellant in accordance with the rule that a definite time of payment not having been made, the obligation will be so construed as to allow the payor a reasonable time within which to make payment or acquire the means so to do, but that this time shall not be so extended as to defeat the purpose of the contract and enable the debtor to wholly avoid his obligation."

Also, in a note in 94 A. L. R. 724, we find the statement: "The minority view is that a promise to pay when the promisor is able is an absolute, and not a conditional, promise", and they there cite the case of Wilker v. Jenkins as authority for that statement.

We, therefore, conclude that the language used by the parties did not constitute the maker the sole judge in his discretion as to the time of payment of the obligation; it does not clearly indicate that the debtor reserved to himself the control of the remedy. It follows that the obligation is legal and not moral.

Defendant further contends that plaintiff's right of action was barred by reason of the death of Sallie

Montgomery, under the written words in the note "in case of death pay to Harry Howard", as the contract between the parties gave to him a legal right as a third party beneficiary. Defendant cites in support of this contention the dissenting opinion in Onofrey et al. v. Wolliver et al., 351 Pa. 18, but the majority opinion holds to the contrary. There it was said (p. 24):

"It is well settled that when an interest becomes effective only *after death*, the document creating the interest, whether bank account, deed, check, note or other paper, is regarded as *testamentary in character*, and must be treated as such. . . . such direction rendered the paper *'testamentary in character, and consequently not effective to vest a present interest. . . .'"

In the case of Brown, Admr., v. Monaca Federal Savings & Loan Assn., 352 Pa. 1, involving certificates and other securities arising out of contracts between Sarah Brown and the Monaca Federal Savings and Loan Association, in which the certificates and securities stood in her name and where at her direction there was endorsed on the certificates "Sarah Brown, in case of death to Robert Brown and Albert Brown, only", the endorsement not being signed by Sarah Brown, and where after her death the certificates were transferred to Robert Brown and Albert Brown by the Monaca Federal Savings and Loan Association, it was held that her administrator had a right to institute an action to recover the certificates or the value thereof from Robert Brown and Albert Brown. The Supreme Court said in the above case (p. 3):

"The validity of the association's transfer and payment to Robert and Albert depends upon the identical facts which were before us in the other two cases. [Twice before this same matter had been before the Supreme Court.] Contrary to what we held, the court below in the instant case decided that title passed to the two sons as beneficiaries under a tentative trust, and even if that were not true, the two sons were third

party beneficiaries under a contract between decedent and appellee association. This was error and the judgment must be reversed.

"Whatever interest Robert and Albert possessed could become effective only after death, and hence was testamentary in character. See Onofrey v. Wolliver, 351 Pa. 18, page 24, et seq. We have already decided that this transaction did not constitute the two sons third party beneficiaries to a contract between decedent and the association. Neither are we impressed with appellee's argument that the writings constitute a tentative trust. There is not the slightest indication in the whole transaction that decedent expressly or by implication constituted the association or herself trustee for her two sons. We pointed out in Scanlon's Estate, 313 Pa. 424, 169 A. 106, that a tentative trust is established where a deposit is made by one person of his own *money*, in his own name *as trustee* for another. The doctrine of a tentative trust which we thus approved was established by In re Totten, 179 N. Y. 112, 71 N. E. 748, and was adopted by the American Law Institute in the Restatement of Trusts, Section 58. See Scott on Trusts, Sections 56.6 and 58.3. No trust of any character was here created. Furthermore, no interest passed or was intended to pass until after the death of the owner. The disposition, being testamentary, was invalid because of a failure to comply with the Wills Act." To the same effect is McCarthy et al. v. Pieret et al., 281 N. Y. 407, 24 N. E. (2d) 102.

From plaintiff's statement averring that the note was at all times in the custody, dominion and control of plaintiff's decedent and that it was found among her papers after her death, we conclude under the above authority that no present interest vested in Harry Howard and that the plaintiff in this action was entitled to institute suit.

And now, to wit, July 23, 1945, it is ordered, adjudged and decreed that the affidavit of defense raising

questions of law, filed by the defendant, Walter D. Blackburn, on November 16, 1944, is overruled and refused, and the defendant, Walter D. Blackburn, is allowed 30 days within which to file an affidavit of defense on the merits, if he so desires; and an exception is granted to the defendant, Walter D. Blackburn, to the action of the court in this regard.