MASSACHUSETTS BREWERIES COMPANY *vs.* MORRIS HERMAN.

Cumberland.    Opinion June 7, 1910.

*Replevin.    Bonds.    Sufficient Sureties.    Non-resident Sureties.    Evidence.    Presumption of Regularity.    Revised Statutes, chapter 98, section 10.*

The word "sufficient" as used in Revised Statutes, chapter 98, section 10, requiring "sufficient sureties" on a replevin bond means adequate to suffice or equal to the end proposed.

Under Revised Statutes, chapter 98, section 10, requiring "sufficient sureties" on a replevin bond, the fact that one of the two sureties upon such a bond is a non-resident of Maine does not, in and of itself, constitute non-compliance with the requirements of the statute.

When one of the two sureties on a replevin bond is a non-resident of Maine, the sufficiency of such surety can be attacked only by plea in abatement, and not by a motion to dismiss.

In the absence of proof to the contrary, a replevying officer is presumed to have taken the bond required by Revised Statutes, chapter 98, section 10.

On exceptions by plaintiff.    Sustained.

Action of replevin for 500 dozen pint bottles, brought in the Superior Court, Cumberland County. The defendant appeared specially on the return day of the writ and filed a motion to dismiss

the action on the ground that the officer had failed to take the bond required by statute, because it appeared from the bond itself that one of the sureties thereon was a non-resident. The motion was sustained and the plaintiff excepted.

The case is stated in the opinion.

*William C. Eaton, and Connellan & Connellan,* for plaintiff.
*Foster & Foster, and Frank H. Haskell,* for defendant.

SITTING : WHITEHOUSE, SAVAGE, PEABODY, KING, BIRD, JJ.

BIRD, J. This is an action of replevin of goods. The return of the officer upon the writ, which was returnable to the Superior Court of Cumberland County, states that he took a bond with sufficient sureties but the bond returned with the writ as required by statute declares that one of the two sureties is of Boston, in the Commonwealth of Massachusetts. The defendant appeared specially and seasonably filed a motion to dismiss the action on the ground that the officer had failed to take the bond required by statute because it appeared from the bond itself that one of the sureties was a non-resident of this State. The motion was sustained and the plaintiff had exceptions.

The defendant is entitled to a bond in conformity to the provisions of the statute —"a bond to the defendant, with sufficient sureties :" R. S., c. 98, §10,— that is with two or more sureties adequate to suffice or equal to the end proposed. The motion does not and cannot deny that either of the sureties did not possess or hold property within the State adequate to enable him to respond to the obligation which he assumed. Can the fact that one of such sureties is not a resident of the State render him insufficient? We think not. Sufficiency does not import residence and the statute makes no other requirement save in the matter of number and sufficiency : See *Clarke* v. *Chapin,* 7 Allen, 425, 426. While not in pari materia, it is a significant fact that of all the bonds for which provision is made by the statutes of the State, the sureties of those of executors, administrators and guardians only are required to be residents.

The case of *Wilkins* v. *Dingley*, 29 Maine, 73, is relied upon by defendant as supporting his contention. It is a suit of a sheriff upon the bond of his deputy for damages arising from the failure of the latter to take the replevin bond provided for by the statute which then required a sufficient surety or sureties. The bond was executed by one surety, an inhabitant of Boston, who did not appear to have ever resided or to have had any property in this State. The question for decision was whether the officer had taken a bond with sufficient surety and the court held that a surety residing without the State and having no property within it was not sufficient, and this upon the ground that the language of the statutes requiring sufficient surety or sureties is "limited by the jurisdiction of the legislative power, which did not contemplate its operation beyond its limits;"—in other words that the defendant in replevin should have a remedy upon the bond enforceable in the courts of the State. This is the scope of the decision.

In *Rutherford's Heirs* v. *Clark's Heirs*, 4 Bush. (Ky.) 27, the bond of the executor appointed by the court in Kentucky was signed by non-residents as sureties and the court, upon objection that the bond was therefore void, says that "however improvident the acceptance of the bond of non-residents may have been, there being no law forbidding it, this court cannot adjudge it illegal."

Whether the non-resident surety in the case before us has sufficient property within the State is not open on motion to dismiss.

If the officer served the writ, the implication is that the bond required by statute was given. In the absence of proof, he is presumed to have acted as the law requires. *Shorey* v. *Hussey*, 32 Maine, 579, 580. There is a presumption, therefore, that the non-resident surety was sufficient. His sufficiency can be attacked only by plea in abatement, as the attack can be supported only by evidence dehors the record.

We conclude, therefore, that the fact that one of two sureties upon a replevin bond is not a resident of the State does not in and of itself render the bond insufficient.

*Exceptions sustained; motion to dismiss overruled.*