(129 So. 647)

**DYER v. BRIDGE HEIGHTS REALTY CO., Inc.**

No. 30680.

July 2, 1930.

Theo Cotonio, Jr., and Theo Cotonio, Sr., both of New Orleans, for appellant.

J. Studebaker Lucas and H. J. Agregaard, both of New Orleans, for appellee.

BRUNOT, J.

The plaintiff is a judgment creditor of William R. Dodge, a nonresident. Execution issued upon plaintiff's judgment, and there was seized, under garnishment process, the right, title, and interest of Dodge in and to 230 shares of stock of the defendant company, which stood in his name on the books of the company. Plaintiff became the adjudicatee, at the sale, and thereafter made demand upon Dodge for delivery to him of the stock certificates. Dodge refused to comply with the demand, and plaintiff, in a proper proceeding, was granted an injunction restraining Dodge from selling or disposing of the certificates. Plaintiff then applied to the defendant for the issuance, in his name, of a like number of new certificates of stock of the defendant company. Plaintiff's application was refused, and, in proper proceedings which followed, a peremptory mandamus issued compelling the defendant to issue to plaintiff new certificates for 230 shares of its capital stock, in lieu of the 230 shares then standing on its books in the name of William R. Dodge, upon plaintiff furnishing bond with a surety company authorized to do business in Louisiana, as his surety thereon, for the sum of the par value of the stock. Plaintiff appealed from the judgment, and contends that, where it is not shown that the stock certificates were lost or destroyed, there is no law in this state which requires the furnishing of a bond; that the actual value of the stock is far below its par value; and that Act No. 180 of 1910 does not require that the bond be signed by a surety company.

The record shows that the original stock certificates had not been transferred or pledged by Dodge, and, if they existed, the process of the court was powerless to reach them. It is our opinion that the facts shown warranted the trial judge in treating them as lost certificates. The par value of the stock is $50 per share. It is shown that the right, title, and interest of Dodge in and to the certificates was purchased by the plaintiff for a sum out of all proportion to the par value of the stock, but it must be remembered that the certificates were not surrendered to the sheriff, and the sale was of the owner's rights only in and to them. This sale therefore offers no basis for fixing the value of the stock. Its value is admitted to be problematical, even to the extent of ultimately being above par. Under the facts, it is our opinion that the trial judge correctly required a bond for the amount of their par value.

■ Act No. 180 of 1910, our Uniform Stock Transfer Act, requires the furnishing of a bond before new certificates may issue in lieu of outstanding certificates, but it does not require that such bond shall be signed by a surety company as the principal's surety on the bond. Section 17 of the act is as follows:

"Where a certificate has been lost or destroyed, a court of competent jurisdiction may order the issue of a new certificate therefor on service of process upon the corporation and on reasonable notice by publication, and in any other way which the Court may direct, to all persons interested, and upon satisfactory proof of such loss or destruction and upon *the giving of a bond with a sufficient surety to be approved by the Court* to protect the corporation or any person injured by the issue of the new certificate from any liability or expense, which it or they may incur by reason of the original certificate remaining outstanding." (Italics by the court.)

Under the quoted section of the act the power of the court is limited to requiring a bond in an amount to be fixed within its discretion with such surety thereon as may meet with the court's approval.

For the foregoing reasons, the judgment appealed from is amended so as to require the furnishing of a bond with such surety as may be approved by the court, and, as thus amended, it is decreed that the judgment be affirmed, at appellee's cost.