Frank Del Vecchio, J.
This is a motion to dismiss the petition in the above proceeding upon the grounds that this court does not have jurisdiction of the subject matter and that the petition is insufficient as a matter of law.
On February 11, 1954, the petitioner, a resident of Syracuse, New York, bought 50 shares of common stock of Standard Oil Company (New Jersey). On January 19, 1955, he discovered *123 that the certificates in his name, unassigned or transferred, had been lost.
The company refused to issue a new certificate unless petitioner qualified under the company’s blanket bond at a premium of about 6% of the current market value of the shares, or supplied an open-penalty bond.
On March 5, 1955, this court issued an order to show cause why Standard Oil Company should not be required under section 178 of the New York Personal Property Law to issue a new certificate and also enjoined the company from transferring the stock to anyone other than petitioner. That motion has not been argued and is pending the outcome of this motion.
Section 178 provides: “ § 178. Lost or destroyed certificate. The owner of shares represented by a lost or destroyed certificate of stock, if the corporation shall refuse to issue a new certificate in place thereof, may apply to the supreme court, at any special term held in the district where he resides, or in which the office of the corporation is located, for an order requiring the corporation to show cause why it should not be required to issue a new certificate in place of the one lost or destroyed. The application shall be by petition, duly verified by the owner, stating that it is made pursuant to this section, the name of the corporation, the number and date of the certificate and to whom issued, if known or if it can be ascertained by the petitioner, the number of shares represented thereby, and as particular a statement of the circumstances attending such loss or destruction as the petitioner can give. Upon the presentation of the petition the court shall make an order requiring the corporation to show cause, at a time and place therein mentioned, why it should not issue a new certificate of stock in place of the one described in the petition. A copy of the petition and order shall be served on the corporation, in the manner prescribed for the service of a summons in an action against a corporation, at least twenty days before the return of the order to show cause. Notice of the application shall be given to the stockholder of record if he is a person other than the petitioner and if he is known to the petitioner, and to such other persons as the court may direct; such notice shall be given in such manner by publication or otherwise as the court may direct.
“ Upon the return of the order, with proof of due service thereof, the court shall inquire into the truth of the allegations of the petition and hear the proofs of the parties in regard thereto. The court, if satisfied that the petitioner is the lawful owner of the shares, or any part thereof, described *124 in the petition, and that the certificate therefor has been lost or destroyed and cannot after due diligence be found, and that no sufficient cause has been shown why a new certificate should not be issued, shall make an order requiring the corporation, within a time specified, to issue and deliver to the petitioner a new certificate for the number of shares specified in the order, upon the petitioner depositing in such public office as the court may designate security or a bond to indemnify the corporation against any liability or expense which it may incur by reason of the original certificate remaining outstanding. Such security or bond shall be in an amount which shall appear to the court sufficient in the circumstances of the case to protect the interests of any persons to whom the corporation may incur liability, and shall be in such form and with such sureties as the court shall approve. The court may also in its discretion order the payment of the corporation’s reasonable costs and counsel fees.
“ The issuance of a new certificate under an order of the court shall not relieve the corporation from liability in damages to a transferee of the original certificate in good faith and for value. The corporation shall not be liable to any such transferee in an amount in excess of the amount of the bond or the amount of the security required to be deposited.” (Emphasis supplied.)
In determining the application of the foregoing statutory provisions, the following portions of section 183 of the Personal Property Law are material: “ ‘ Certificate ’ means a certificate of stock in a corporation organized under the laws of this state or of another state whose laws are consistent with this article. * * * ʻ Shares ’ means a share or shares of stock in a corporation organized under the laws of this state or of another state whose laws are consistent with this article.” (Emphasis supplied.)
Section 178 does not apply unless the New Jersey statute is consistent with the law of this State. (United States Fidelity & Guar. Co. v. Newburger, 263 N. Y. 16, 23, 24.)
It thus appears that the jurisdiction of this court to hear and determine this proceeding turns upon the construction and comparison of the relevant statutes of New York and New Jersey and whether they are consistent. In this connection, petitioner claims that the issue is whether the New Jersey Stock Transfer Act, in its entirety, is inconsistent with article 6 of the New York Personal Property Law. As petitioner points out, however, 23 of the 24 sections of the New Jersey law are identical to 23 sections found in article 6 of the Personal Property Law. The question then is whether the differences *125 appearing in the one section relating to lost certificates are such that the New Jersey Stock Transfer Law may be said to be inconsistent with the New York statute relating to the same subject.
The section of New Jersey law topically comparable to section 178 of the Personal Property Law provides as follows: “ Issue to replace lost or destroyed certificate. Where a certificate has been lost or destroyed the Superior Court may order the issue of a new certificate therefor on service of process upon the corporation and on reasonable notice by publication, and in any other way which the court may direct, to all persons interested, and upon satisfactory proof of such loss or destruction and upon giving of a bond with sufficient surety to be approved by the court to protect the corporation or any person injured by the issue of the new certificate from any liability or expense, which it or they may incur by reason of the original certificate remaining outstanding. The court may also in its discretion order the payment of the corporation’s reasonable costs and counsel fees. The board of directors of a corporation may, however, in its discretion, issue a new certificate in the place of a certificate alleged to have been lost or destroyed without any such court proceeding and either with or without the giving of a bond as aforesaid.
“ The issue of a new certificate, as provided in this section, shall not relieve the corporation from liability in damages to a person to whom the original certificate has been or shall be transferred for value without notice of the proceedings or of the issuance of the new certificate.” (New Jersey Statutes Annotated, § 14:8-43; emphasis supplied.)
Among the variations which exist between the two statutes quoted above, there are two substantial differences which, in the opinion of this court, serve to make the New York and New Jersey stock transfer laws inconsistent for purposes of the present motion.
First, with regard to the bond to be posted: section 178 of the Personal Property Law permits the giving as security of something less than an open-penalty bond. The New York statute provides for indemnity against any liability or expense which the corporation may incur by reason of the original certificate remaining outstanding by security or a bond “in an amount which shall appear to the court sufficient in the circumstances of the case to protect the interests of any person to whom the corporation may incur liability ”. The New Jersey statute, however, requires a bond to protect the corporation or any person injured by the issue of a new certificate “ from any *126 liability or expense, which it or they may incur by reason of the original certificate remaining outstanding.” This requires a petitioner to give an open-penalty bond. (Chemical Bank & Trust Co. v. Anheuser-Busch, 360 Mo. 877.)
A difference of even greater significance exists in the statutory measure of the corporation’s liability on the original lost or destroyed certificate.
By the New York statute the corporation shall not be liable in an amount in excess of the amount of the bond or security deposited at the direction of the court. By the New Jersey law, however, the corporation remains liable in damages, without limitation, to a person to whom the original certificate has been or shall be transferred for value without notice of the proceedings or of the issuance of the new certificate. This provides unlimited liability on behalf of the corporation to an innocent transferee, who is entitled to recover all his damages, whereas the New York statute relieves the corporation of all liability upon the original certificate beyond the amount of the bond or security required to be deposited and the transferee is only entitled to recover his damages to the extent of such bond or security.
Petitioner recognizes the above distinctions but asserts that they are procedural only and cannot create an inconsistency since a court always applies the law of the forum with respect to matters of procedure.
However, this court is of the opinion that the provisions quoted and discussed above cannot be so narrowly classified. Certainly the restriction upon corporate liability goes to the very substance of the rights of innocent third-party transferees.
It follows that, inasmuch as section 178 of the Personal Property Law does not apply to certificates of Standard Oil Company (New Jersey), it is unnecessary to consider the challenge to the sufficiency of the petition and the motion to dismiss the petition for lack of jurisdiction of the subject matter must be granted.
Order accordingly.