## Smith, Appellant, *v.* Weaver.

*Contract—Bond—Sufficiency of bond.*

1. Where one party agrees to deliver to another party a bond satisfactory to the latter for the performance of the contract, the expression of dissatisfaction by the latter with the bond tendered, is sufficient without more to excuse the latter from the performance of the condition of his contract, if there is no evidence that the rejection of the bond was due to an unreasonable or capricious motive.

2. The sufficiency of the bond tendered in such a case cannot be shown by the mere ex parte affidavit of the surety of the bond.

Argued Oct. 5, 1909. Appeal, No. 240, Oct. T., 1908, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1893, No. 589, refusing to take off nonsuit in case of Edward W. Smith v. Francis D. Weaver and George Young. Before Rice, P. J., Porter, Henderson, Morrison, Head and Beaver, JJ. Affirmed.

. Assumpsit upon a bond. Before Wiltbank, J.

The terms of the bond are set forth in the opinion of the Superior Court.

At the trial the court refused to receive in evidence an affidavit of the surety in the bonds tendered by the plaintiff to the defendant. The evidence showed that the defendant had expressed dissatisfaction with the bonds, and had refused to accept them. There was no evidence that he did this capriciously.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1) rejection of the affidavit, and (2) refusal to take off nonsuit.

*L. W. Baxter*, for appellant.—The words "good and sufficient surety satisfactory to the said Weaver," did not mean such a surety as said Weaver might unreasonably or capriciously require, but only such surety as he might reasonably and in good faith require; and if the bonds were of such a character, then

the defendant could only refuse to accept them, when acting in good faith, and not from mere caprice, when after a bona fide examination he had ascertained. that they were really not satisfactory to him.   As these were questions of fact to be determined by the jury the learned court erred in entering a nonsuit: Water Co. v. Waymart Borough, 4 Pa. Superior Ct. 211; Zaleski v. Clark, 44 Conn. 218; Singerly v. Thayer, 108 Pa. 291; School Fur. Co. v. Warsaw School District, 130 Pa. 76; Howard v. Smedley, 140 Pa. 81; Boiler Works v. Schnader, 155 Pa. 394; Meacham v. Gardner, 27 Pa. Superior Ct. 296; McNally v. Jenkinson, 35 Pa. Superior Ct. 288; Gill v. Tolan, 18 W. N. C. 50; Wallace v. R. R. Co., 138 Pa. 168; Cutter v. Cutter, 48 N. Y. Super. Ct. 470; Wetterwoulgh v. Knickerbocker Assn., 2 Bosworth (N. Y.), 381.

*A. S. L. Shields,* for appellees.—There was no proof that bonds."with good and sufficient surety satisfactory to the said Francis D. Weaver" were tendered: Germantown Dairy Co. v. McCallum, 223 Pa. 554; Piper v. White, 56 Pa. 90; Howard v. Smedley, 140 Pa. 81; Nelson v. Von Bonnhorst, 29 Pa. 352; McGrath v. Brown, 66 Barb. (N. Y.) 481; Boiler Works v. Schnader, 155 Pa. 394; Singerly v. Thayer, 108 Pa. 291; McCarren v. McNulty, 73 Mass. 139.

OPINION BY BEAVER, J., December 13, 1909:

The nonsuit entered in this case, the refusal to take off which is the principal assignment of error, is justified upon either of two separate grounds: First, there is no evidence of a breach of the condition in the bond for which recovery is sought. .Evidence of the breach is absolutely necessary to recovery.   Second, the contract, for the execution of which the bond in suit was given, was based upon a condition precedent which was not complied with.   The condition of the bond was for permission of the plaintiff to make a transfer of certain engraved copper plates of maps of the United States, Central America, etc., engraved thereon, but it was stipulated in the condition of the bond: "Provided that the said transfer shall be made at the printing establishment of the Avil Printing Company, 3941–

3943 Market street, Phila., and provided that the said Edward W. Smith shall tender to the said Francis D. Weaver before obtaining possession of the said plates for the purpose of making the said transfer a bond in the penal sum of fifteen hundred dollars ($1,500.00) and a good and sufficient surety, satisfactory to the said Francis D. Weaver, conditioned upon the redelivery of the said plates to the said Francis D. Weaver, his executors, administrators or assigns, in as good a condition as when received, within four weeks after they shall be received by the said Edward W. Smith, but in no event after December 31, 1891, and further conditioned that the said Edward W. Smith shall take only one perfect transfer from the said plates, and provided further that the said Edward W. Smith shall tender to the said Francis D. Weaver before obtaining posession of the said plates a further bond in the penal sum of five hundred dollars ($500.00), with a good and sufficient surety satisfactory to the said Francis D. Weaver, conditioned that the said Edward W. Smith shall not directly or indirectly sell any maps printed from said transfer under the price of two dollars until after December 31st, 1892, then this obligation to be void, or else to be and remain in full force and virtue."

The plaintiff was called as a witness, proved the bond upon which suit was brought and identified certain bonds which he alleged were tendered by him to Mr. Weaver, the defendant, on December 31, 1891. He was asked by the court: "Q. Did Weaver find the sureties satisfactory? A. No, sir. Q. He said they were not? A. He said they were not satisfactory." This was the only testimony in regard to the matter, and in the absence of anything further, inasmuch as Weaver's bond to the plaintiff provides that the sureties in the bonds tendered by the plaintiff to him were to be "with a good and sufficient surety satisfactory to the said Francis D. Weaver," his expression of dissatisfaction was sufficient without more to excuse him from the performance of the condition of his bond to the plaintiff, there being no evidence of any kind of unreasonableness or caprice on the part of the defendant.

It is scarcely necessary to cite authorities for a proposition so well settled in numerous cases. They may be found, how-

ever, in Nelson v. Von Bonnhorst, 29 Pa. 352; Singerly v. Thayer, 108 Pa. 291; Howard v. Smedley, 140 Pa. 81; Boiler Works v. Schnader, 155 Pa. 394; Delahunty Dyeing Machine Co. v. Pennsylvania Knitting Mills, 19 Pa. Superior Ct. 501; Lippincott's Estate, 21 Pa. Superior Ct. 214; Carbon Spring Ice Co. v. Hawk, 29 Pa. Superior Ct. 13. See also notes in Church v. Shanklin, 17 L. R. A. 207, and Pistel v. Imperial Mut. Life Ins. Co. of America, 43 L. R. A. 219.

The plaintiff attempted to show that the bonds tendered by him to Weaver were of such a character that they ought to have been satisfactory, and for this purpose offered the ex parte affidavit of the surety upon the bonds, which was, upon objection, rejected by the court. This was merely an ex parte affidavit, clearly not evidence. The surety could have been called and would have thereby subjected himself to a cross-examination by the defendant. The offer was properly rejected for the reason that it was not the best evidence of the facts which the plaintiff endeavored to establish thereby. It is difficult to see how the plaintiff was injured by its rejection for, if admitted, it would have disclosed a state of facts which would have justified any judicious counselor in advising Weaver, the defendant, not to accept the bonds tendered by the plaintiff, the affidavit showing that the property of the defendant was incumbered beyond the half of its assessed value.

The dissatisfaction of the defendant in regard to the surety was not capricious, and no effort was made to show caprice on his part in rejecting the bonds tendered by the plaintiff.

Either upon the ground that plaintiff showed no breach of the condition of the bond upon which he sought to recover, or upon his affirmative showing of the dissatisfaction of the defendant, Weaver, with the surety to the bonds which he offered, as a compliance with the condition precedent upon which the bond of the defendant was based, to say nothing of the fact that the bond was tendered on December 31, 1891, the very last day upon which the plates were to be redelivered by the plaintiff to Weaver, the defendant, under their contract, the court below properly entered a compulsory nonsuit.

Judgment affirmed.