## BENGE v. FOSTER et al.

## No. 4209.

Court of Civil Appeals of Texas. Amarillo.
April 23, 1934.

Rehearing Denied Sept. 17, 1934.

Jno. A. Coffee, of Hereford, and E. O. Northcutt, of Amarillo, for appellant.

Dameron & Dameron and W. H. Russell, all of Hereford, for appellees.

MARTIN, Justice.

A former appeal of this case is reported in (Tex. Civ. App.) 47 S.W.(2d) 862, where the facts sufficiently appear.

It is sufficient here to say that appellant's cause of action was based upon the alleged negligent approval by appellee, as district clerk, of a replevin bond executed by Arthur Brooks as principal and W. C. McDaniel and Jim Brooks as sureties. It is alleged that neither "Arthur Brooks, W. C. McDaniel and Jim Brooks have any property in the State of Texas that he knows of or is able to find that is subject to execution."

The only three issues answered by the jury, with certain explanatory statements and definitions, are the following:

"Special Issue No. 1. Do you find, from a preponderance of the evidence, at the time L. H. Foster accepted and approved the replevy bond signed by Arthur Brooks, and Jim Brooks and W. C. McDaniel as sureties, that the said Arthur Brooks was insolvent?

"You will answer yes or no.

"Special Issue No. 2. Do you find, from a preponderance of the evidence, at the time L. H. Foster accepted and approved said replevy bond, that Jim Brooks was insolvent?

"You will answer yes or no.

"Special Issue No. 3. Do you find, from a preponderance of the evidence, at the time L. H. Foster accepted and approved said replevy bond, that W. C. McDaniel was insolvent?

"You will answer yes or no.

"If you answer yes to each of the foregoing issues, then you will answer the following issue; but if you answer no to each of the foregoing issues, or to either of them, you need not answer the following issue.

"In connection with the foregoing issues, I instruct you that the word 'Insolvent' means that a person has not sufficient property to pay his debts, after allowing him the amount of property that is exempt under the laws of this State."

Each of the above three issues was answered in the affirmative. Issues Nos. 4 and 5, presumably upon the court's instructions, remained unanswered. They are as follows:

"Special Issue No. 4. Do you find, from a preponderance of the evidence, that L. H. Foster, at the time he accepted and approved said replevy bond, failed to use due diligence to ascertain the solvency of the sureties on said replevy bond?

"You will answer yes or no.

"If you answer 'Yes,' you will answer the following issue; but if you answer 'no,' you need not answer the following issue:

"In connection with Special Issue No. 4 above, I instruct you that what is meant by the words 'Due diligence,' is such diligence as an ordinarily prudent person would have done under the same, or similar circumstances.

"Special Issue No. 5. Do you find from a preponderance of the evidence that the defendant, L. H. Foster, at the time, or before, he accepted and approved the replevy bond, by the use of due diligence, could have ascertained, from the means at hand, that the sureties on the replevy bond were insolvent?

"You will answer yes or no."

Judgment was entered for appellees upon the findings made to special issues Nos. 1, 2, and 3.

■■ This case was submitted upon at least two mistaken hypotheses: (1) That the term "solvent" surety was synonymous with "good and sufficient," as used in article 4084, R. S. 1925; (2) that the demand of said article 4084 for "good and sufficient sureties" was met by proof of the solvency of the principal obligor on the bond or of either surety thereon.

The bond in question is strictly statutory and one of its imperative demands, as expressed in article 4084, is that such bond must be signed by "two or more good and sufficient sureties." We are not authorized to judicially amend this article by making it read in effect that such a bond is sufficient if any of its signers were solvent on the date of its execution. We cannot hold that the Legislature didn't mean what it said when two "good and sufficient" sureties were required—that it meant that neither surety need be "good and sufficient" if the principal was solvent, or, if he were insolvent, then one good and sufficient surety sufficed even if all the others were bankrupt.

It is equally clear to us that a solvent surety and a "good and sufficient surety" do not mean the same thing. To illustrate: In order to secure the release of money impounded by garnishment, A executes a replevin bond with B and C as sureties. B and C each have an abundance of property, and are amply solvent, but everything each possesses is invested in British securities, located out of the domain and jurisdiction of the United States. Not a dollar can be collected from either by any judicial decree and process obtainable by a garnisher in his own country, though both, under the quoted definition above, are solvent. Obviously, the Legislature meant more than mere "solvency" by the use of the phrase "good and sufficient" in article 4084.

The reasoning of many cases sustain our view. See Caldwell v. Lamkin, 12 Tex. Civ. App. 29, 33 S. W. 316; People v. May, 251 Ill. 54, 95 N. E. 999, Ann. Cas. 1912C, p. 512, and the authorities collated in the notes to said case.

We quote from Thompson v. Arthur, Dud. (Ga.) 253: "When a statute requires a bond to be given for the benefit and security of a person within its jurisdiction, and subject to its laws, the legal inference is that the bond required, be such an one as can be enforced by the laws of this State."

The phrase "sufficient sureties" has been defined to mean "sureties adequate to suffice or equal to the end proposed." Massachusetts Breweries Co. v. Herman, 106 Me. 524, 76 A. pages 943, 944. We conclude, therefore, that there may be such a breach of the official duty of a clerk, as to subject him and his bondsmen to a suit, based upon his act in negligently approving a bond though the signers thereof were all solvent on the date of its execution. The true issue is not their "solvency" as that term was above defined, but whether or not the sureties were "good and sufficient," which means more than mere solvency. Sureties whose property cannot be reached by a Texas court process may be solvent, but are not "good and sufficient." The cases cited above, by analogy, so hold.

■ A cause of action, however, in this character of case is not made out by proof alone of negligence in approving a bond. There must in addition be sufficient evidence of a pecuniary injury. Regardless of such original negligence by the clerk, the bond approved might thereafter be collectible in Texas, so that no injury would result. So, also, an issue of fact might be raised as to the existence of negligence on the part of the clerk, though it further appeared the bond was not signed by "good and sufficient" sureties.

Making specific application of the above legal principles to the record before us, we hold:

■ 1. That the trial court should have appropriately defined "good and sufficient sureties," instead of "solvent" sureties.

■ 2. That special issue No. 1 was immaterial, since the solvency of the principal obligor on the bond at the time of its execution could not control in whole or in part the judgment of the court. Wilson v. Williams, 52 Ark. 360, 12 S. W. 780; 54 C. J. p. 482.

3. The law requires at least two good and sufficient sureties, and the court erred in instructing the jury: "But if you answer 'no' to each of the foregoing issues, or *to either of them*, you need not answer the following issue:" (This issue pertained to the clerk's alleged negligence.)

4. If on another trial there is properly raised the issue of no injury to the appellant because of the then ability of one of the signers of said bond to respond to the demand of appellant for payment of the sum claimed by him, the same should be submitted.

5. If the evidence raises an issue of appellee's negligence, he is entitled to the submission of such, and this though it appears the bond was not originally signed by "good and sufficient" sureties.

We express grave doubt as to the sufficiency of the evidence shown in this record to support a finding that either surety on the date of the bond's approval was "good and sufficient" within the meaning of article 4084, supra, though in view of another trial we pretermit any extended discussion of this.

We have endeavored to indicate in a general way our view of the law of this case, without consuming space in reproducing the contentions of appellant, many of which were not either properly preserved or presented.

The judgment is reversed, and cause remanded.