**Ex parte Mike MOSS.**

**Ex parte Billy OLIVER.**

**No. 43609.**

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Paul Jansen, Houston, for appellants.

Jim Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order denying relief in a habeas corpus proceeding before the Honorable Terry Jacks, Judge of the 22nd Judicial District Court of Hays County.

The petition for writ of habeas corpus, filed by Mike Moss and Billy Oliver, alleged that they were charged for the offense of burglary in Hays County, and that they tendered bail by a good and sufficient surety to the sheriff of Hays County, but the sheriff refused to accept bail because he would not allow a licensed attorney to become a surety on the bonds.

The allegations in a petition for habeas corpus are not self proving.

At the habeas corpus hearing the sheriff testified that the bonds tendered to him were refused because the district judge had instructed him not to accept bonds signed by attorneys who represented those accused of crimes.

The bond tendered the sheriff was not offered in evidence and does not appear in the record.[1]

No proof of the sufficiency of the surety appears in the record.

It appears that the attorney-client relationship existed at the time the bond was signed by the surety and continues to exist.[2]

In the absence of proof of proper bonds signed by a good and sufficient surety, no abuse of discretion is shown.

The order denying relief is affirmed.

1. Since the arguments on original submission, two bonds in the names of the Petitioners have been forwarded to this Court by counsel for Petitioners. They cannot be considered, because they are not a part of the record. It is noted that they do not contain the signature of the Petitioners as principals.

2. The writer has found no statutory or other authority in Texas that would prohibit a licensed attorney from acting as surety on his client's bond in a criminal case. It is noted that the Canons of Professional Ethics of the State Bar of Texas in Opinion #347 provides, in part:

"1. It is not unethical for an attorney habitually to engage in the practice of making bail bonds in criminal cases, if the attorney-client relationship exists at the time he signs the bond—provided that the attorney does not engage in this practice with such notoriety as to constitute indirect solicitation. It is a violation of the Canons of Ethics for an attorney to sign as bondsman in a criminal case at a time when the attorney-client relationship does not exist, if he thereafter acts as attorney for the principal on the bond.

"* * *

"6. It is unethical for an attorney to be on a bondsman list and to knowingly consent to this list being exhibited to prisoners in the jail."