**GULLO–HAAS TOYOTA, INC.,** Gullo–Haas Toyota Employee Profit Sharing Plan, Gullo–Haas Children's Trust, Gullo–Haas Management, Inc., G & H Cattle Co., Global Oil Field Equipment, Gullo–Haas Imports Employee Profit Sharing Plan, Gullo–Haas Investments, G & H Investments, ATC Distributing, Inc., Fred E. Haas, Jr., Gullo–Haas Toyota, Inc. d/b/a Gullo–Haas Suzuki, **Appellants,**

v.

**DAVIDSON, EAGLESON & CO., Appellee.**

No. 01–91–01468–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 5, 1992.

William T. Green, Houston, for appellants.

Patrick D. Devine, James D. Robinson, Robert Scherrer, Houston, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## ORDER

PER CURIAM.

Davidson, Eagleson & Co, the appellee, filed a motion to require the appellants to increase the amount of the security for the judgment. There are 12 appellants in this case, with different amounts due under the trial court's judgment. The appellee contends the appellants owe the following amounts, which include the principal amount in the judgment and pre-judgment interest: Gullo–Haas Toyota, Inc. ($19,-287.93); Gullo–Haas Toyota Employee Profit Sharing Plan ($5,512.37); Gullo–Haas Children's Trust ($5,025.37); Gullo–Haas Management, Inc. ($8,386.45); G & H Cattle Co. ($9,571.43); Global Oil Field Equipment ($191.27); Gullo–Haas Imports Employee Profit Sharing Plan ($271.16); Gullo–Haas Investments ($604.54); G & H Investments ($1,057.24); ATC Distributing, Inc. ($1,956.39); Fred E. Haas, Jr. ($6,379.94); Gullo–Haas Toyota, Inc. d/b/a Gullo–Haas Suzuki ($84.06).

In addition, the appellee contends the appellants are jointly and severally liable for attorney fees of $9,100.00 for the trial, $2,500.00 for the appeal, and court costs of $2,413.50. The appellee computes the total amount owed by the twelve defendants, (some of it joint and several), including post-judgment interest at $83,607.59.

 After entry of the judgment, the appellants deposited with the District Clerk of Harris County the sum of $60,000.00 as security for the judgment.[1] The cash deposit was filed on behalf of "Gullo–Haas Toyota, Inc., *et al.*" The cash deposit does not cover the full amount of the judgment. For the appellants to file a joint bond, the joint bond must secure the full amount of the judgment, plus interest and costs. *Fortune v. McElhenney*, 645 S.W.2d 934, 935 (Tex.App.—Austin 1983, no writ) (defendants, who were jointly and severally liable, could file a joint bond for the full amount of the judgment). Here, each appellant must secure the part of the judgment for which it is individually liable and must also secure the full amount for which it is jointly and severally liable. If the appellants chose to file a cash deposit to secure the entire judgment for all the appellants, the deposit must secure the full amount of the judgment, costs, and post-judgment interest for one year.

The appellants' cash deposit of $60,000 is not sufficient to suspend the execution of the judgment because it does not cover the full amount of the judgment and does not include costs and post-judgment interest. See *National Convenience Stores, Inc. v. Martinez*, 763 S.W.2d 960, 960 (Tex.App.—Houston [1st Dist.] 1989, no writ).

Under rule 49, the sufficiency of a cash deposit filed to suspend the judgment under rule 47 is reviewable by this Court for insufficiency. Rule 47(k) gives the trial court continuing jurisdiction over the supersedeas bond or deposit during the appeal, even after the expiration of its plenary power. Rule 47 states:

(k) **Continuing Trial Court Jurisdiction.** The trial court shall have continuing jurisdiction during the pendency of an appeal from a judgment, even after the expiration of its plenary power, to order the amount and the type of security and the sufficiency of sureties and, upon any changed circumstances, to modify the amount or the type of security required to continue the suspension of the execution of the judgment. If the security or sufficiency of sureties is ordered or altered by order of the trial court after the attachment of jurisdiction of the court of appeals, the judgment debtor shall notify the court of appeals of the security determination by the trial court. The trial court's exercise of discretion under this rule is subject to review under Rule 49.

Under rule 49(b), this Court has jurisdiction, upon motion, to *review* an order of a trial court setting security or staying enforcement of a judgment. Here, the appellee has not made a motion to the trial court to increase the security.

---

1. See rule 48, which permits a party to deposit cash with the clerk in lieu of filing a supersede-as bond. All references to rules are to the Texas Rules of Appellate Procedure.

Rule 49(b) permits this court to remand the issue of the sufficiency of the security to the trial court for taking evidence and for the entry of findings of fact. We direct the appellee to file its motion to increase the security for the judgment with the trial court. The trial court's ruling on that motion will be subject to our review under rule 49. *See* TEX.R.APP.P. 47(k).

We remand this motion to the trial court to conduct a hearing and enter an order setting the amount of the supersedeas bond.

It is so ORDERED.