**TRANSAMERICAN NATURAL GAS CORPORATION and TransTexas Gas Corporation, Appellant,**

v.

**Hubert S. FINKELSTEIN, Appellee.**

No. 04–95–00365–CV.

Court of Appeals of Texas, San Antonio.

Oct. 25, 1995.

W. James Kronzer, David M. Gunn, Law Offices of W. James Kronzer, Houston, C.M. Zaffirini, Zaffirini, Castillo & Pellegrin, Laredo, Jeff Wentworth, San Antonio, Fred

Wahrlich, TransTexas Gas Corporation, Houston, for appellant.

Elizabeth N. Miller, Steve Selby, Bob Bullock, Martin L. Allday, Scott, Douglass, Luton & McConnico, L.L.P., Austin, Frank Douglass, Scott, Douglass, Luton & McConnico, L.L.P., Dallas, Morgan L. Copeland, Scott, Douglass, Luton & McConnico, L.L.P., Houston, Arturo A. Figueroa, Jr., Law Offices of Arturo A. Figueroa, Zapata, Robert J. Hearon, Jr., Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## ON APPELLEE'S MOTION TO ENFORCE AUGUST 16, 1995 BOND ORDER

DUNCAN, Justice.

We have before us the motion of Hubert S. Finkelstein, appellee, to enforce our order of August 16, 1995 regarding the supersedeas bond filed by appellants, TransAmerican Natural Gas Corporation ("TransAmerican") and TransTexas Gas Corporation ("TransTexas"). *TransAmerican Natural Gas Corp. v. Finkelstein,* 905 S.W.2d 412 (Tex. App.—San Antonio 1995, mot.), *pet. for review dism'd as moot,* 38 TEX.SUP.CT.J. 1192 (Sept. 16, 1995). For the reasons set forth below, we hold that appellants' additional supersedeas bond fails to comply with our August 16 Order and grant Finkelstein's motion in part.

## FACTS

The trial court rendered judgment against TransAmerican and TransTexas for approximately $18 million. *TransAmerican,* 905 S.W.2d at 412. TransAmerican and TransTexas subsequently filed a single supersedeas bond for roughly the amount of the judgment, interest, and costs. *Id.* The sureties on appellants' bond were John R. and Eileen Stanley and Southern States Exploration, Inc. *Id.*

In our August 16 opinion, we held that the sureties on appellants' supersedeas bond were insufficient because they did not provide adequate security in addition to the appellants' assets. *Id.* at 414. The basis for this holding was twofold. First, John R. and Eileen Stanley did not own assets other than TransAmerican stock or assets, directly or indirectly, sufficient to satisfy the judgment. *Id.* at 412, 414. Second, the other surety on appellants' supersedeas bond, Southern States Exploration, Inc., was a subsidiary of TransAmerican and so provided no security in addition to that of one of the judgment debtors. *Id.* at 414.

In our August 16 Order, we stated that, "[i]f appellants, TransAmerican Natural Gas Corporation and TransTexas Gas Corporation, desire to supersede enforcement of the judgment, they may file an additional bond with sufficient sureties in accordance with this opinion with the district clerk." *Id.* at 416. We also ordered that "[i]f appellants fail to file a good and sufficient supersedeas bond or otherwise supersede enforcement of the judgment within [20 days from the date this order is served on the parties], the clerk shall notify the trial court that execution may be issued on the judgment." *Id.*

After our August 16 Order, on September 5, 1995, appellants filed an additional supersedeas bond. The surety on this additional supersedeas bond is TNGC Holding Corporation, which was incorporated August 30, 1995—two weeks after our August 16 Order. TNGC's stock is owned by John R. Stanley. The affidavit of TNGC's Vice–President, Ed Donahue, establishes that TNGC owns assets sufficient to satisfy the judgment. However, these assets consist of direct or indirect ownership of the stock of the judgment debtors and the stock of TransAmerican Natural Gas Pipeline and TransAmerican Refining Corporation, which at the time of our August 16 Order were subsidiaries of TransAmerican.

In short, within two weeks of our August 16 Order, a corporate reorganization was effected, and assets were shifted from Trans-American, a judgment debtor, to TNGC, the appellants' new surety.

## NECESSITY FOR PRIOR TRIAL COURT REVIEW

■ Appellants first argue that we should decline to review the sufficiency of their new

ot on the issue. We disagree.

Nothing in Rules 47(k) and 49(a) requires prior trial court review of a motion challenging the sufficiency of a supersedeas bond. *See* Tex.R.App.P. 47(k), 49(a). Rather, Rule 47(k) provides that a trial court's jurisdiction over the sufficiency of supersedeas bonds continues after the expiration of its plenary power and after the perfection of an appeal, while Rule 49(a) provides for appellate court review of the sufficiency of bonds, deposits, and sureties.[1]

However, we agree with appellants that in many if not most cases prior trial court review will be required. Indeed, as appellants point out, Finkelstein first sought review of the sufficiency of appellants' initial supersedeas bond in the trial court. Prior trial court review was necessary in that instance because there appeared to be factual disputes between the parties. *Cf. In re Reed*, 901 S.W.2d 604, 610–11 (Tex.App.—San Antonio 1995, orig. proceeding) (court of appeals may conduct own evidentiary hearing on contempt motion or it may refer matter of taking testimony and hearing evidence to district court). With respect to Finkelstein's motion to enforce our August 16 Order, on the other hand, there is no need for an evidentiary hearing in the trial court because appellants raise no material factual disputes for the trial court to resolve.

In short, the sufficiency of appellants' additional bond must be measured against our August 16 Order, and in the absence of material factual disputes, this court is the proper court to initially perform that review.

### SUFFICIENCY OF APPELLANTS' ADDITIONAL SUPERSEDEAS BOND

Finkelstein argues that appellants' additional supersedeas bond is a "sham" and a "fraud" because it provides him with no security in addition to that which he had at the date of judgment by virtue of TransAmerican's status as a judgment debtor. Appellants counter that their new bond technically complies with this court's August 16 order and its interpretation of *Brown & Root, Inc. v. DeSautell*, 554 S.W.2d 764, 771 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.), because TNGC is a legal entity separate and apart from the judgment debtors, and it owns assets, in addition to those now owned by the judgment debtors, sufficient to satisfy the judgment, interest, and costs. In other words, appellants would have us promote form over substance—the letter of the law, rather than its spirit. We decline appellants' invitation to make a mockery of this court and its August 16 Order.

As stated in our original opinion, the surety on a supersedeas bond "must provide 'security, *in addition to the personal liability of the appellant,* for the payment of the judgment.'" *TransAmerican*, 905 S.W.2d at 414 (quoting *Cooper v. Bowser*, 583 S.W.2d 805, 807 (Tex.Civ.App.—San Antonio 1979, mot.) (per curiam) (emphasis added)). Implicit in this statement is that the surety must provide security in addition to the assets owned by the judgment debtor at the date judgment was rendered against it. Were this not the case, any judgment debtor that owned assets in excess of the amount of the judgment could simply transfer to a third-party assets equal in value to the bond and arrange for that third-party to act as surety on the judgment debtor's supersedeas bond. As a result, the judgment creditor would acquire no security in addition to that provided by the judgment debtor at the date of the judgment. This scenario does not comport with Texas law, as expressed in *Cooper* and our August 16 Order, and it is

1. Appellants' reliance upon *Gullo–Haas Toyota v. Davidson, Eagleson & Co.*, 832 S.W.2d 418 (Tex. App.—Houston [1st Dist.] 1992, mot.), for the contrary proposition is misplaced. In *Gullo–Haas Toyota*, the appellee filed a motion to increase the amount of the appellants' joint cash deposit. The First Court of Appeals assumed jurisdiction of the motion pursuant to Rule 49(a) to determine the sufficiency of the appellants' cash deposit and found it insufficient. *Id.* at 419.

The reason for its remand was thus not to determine the sufficiency of the deposit but to determine, as a factual matter, the amount required to supersede enforcement of the judgment, *i.e.*, to initially set the amount of the bond, with respect to each of the twelve appellants. *Id.* at 420. The trial court's order setting the amount of security would then be reviewable under Rule 49(b), Tex. R.App.P.

precisely this scenario that appellants present in this case.

## CONCLUSION

Like appellants' initial supersedeas bond, appellants' additional supersedeas bond provides Finkelstein with no security in addition to that which he had at the date of judgment by virtue of TransAmerican's status as a judgment debtor. Accordingly, appellants' additional supersedeas bond fails to comply with our August 16, 1995 Order, and it is insufficient as a matter of law and the undisputed facts.

In accordance with Rule 49(c), execution on the judgment shall be suspended for twenty (20) days from the date this order is served on the parties. If appellants, TransAmerican Natural Gas Corporation and TransTexas Gas Corporation, desire to supersede enforcement of the judgment, they may file an additional bond with sufficient sureties in accordance with this court's August 16, 1995 order, as interpreted herein. A certified copy of any such additional bond shall also be filed with this court. However, the liability of the sureties on appellants' initial and additional supersedeas bonds shall not be released. If appellants fail to file a good and sufficient supersedeas bond or otherwise supersede enforcement of the judgment within this period, the clerk shall notify the trial court that execution may be issued on the judgment.

At this time, in the absence of an evidentiary record and findings of fact establishing bad faith, we decline Finkelstein's suggestion that we deny appellants more time in which to file a good and sufficient bond. However, we take this opportunity to warn appellants and their counsel that this court's patience has been stretched thin by their supersedeas bond antics, particularly when viewed in light of their attempts to accelerate this appeal and obtain a resolution on the merits.