LAMAR COUNTY ELECTRIC COOPERATIVE ASSOCIATION and Cap Rock Electric Cooperative, Inc., Appellants,

v.

Philip RISINGER, Appellee.

No. 06–01–00014–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 12, 2001.

Decided June 26, 2001.

James R. Rodgers, The Moore Law Firm, LLP, Paris, for Lamar County Electric.

Ronald W. Lyon, Law Offices of Ronald Lyon, Sherman, Bryce J. Denny, Cook, Yancey, King & Galloway, PC, Shreveport, LA, for Cap Rock Electric.

J. Don Gordon, Hynds & Gordon, Sherman, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

This is an appeal from an order of the trial court denying the motion of Lamar County Electric Cooperative Association (Lamar) and Cap Rock Electric Cooperative, Inc. (Cap Rock) to dissolve a temporary injunction. We have jurisdiction pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.2001).

This action for declaratory judgment and injunctive relief commenced on December 8, 2000, by Philip Risinger, an individual citizen and resident of Lamar County, against Lamar and Zed Smith, secretary of the board of directors of Lamar. Cap Rock is an intervenor. The petition alleged certain irregularities regarding the notice and other documentation sent by the board of directors of Lamar to the membership in connection with the annual meeting and election of the board of directors. Risinger sought the declaration of the trial court that the procedures employed were unlawful, and further sought to enjoin the annual meeting and election of the board unless proper procedures were employed in calling the meeting and election.

On December 8, 2000, the trial court issued a temporary restraining order, ordering that Lamar desist and refrain from:

conducting the year 2000 annual meeting of the members of Lamar County Electric Cooperative Association; conducting an election of board members from Districts # 2, # 3 and # 4 without having mailed ballots to all members of the association in accordance with the bylaws; utilizing proxies to cast votes in an election of members of the Board of Directors; and utilizing the resources, property, funds, assets, personnel, facilities or name of the association to influence or to any way affect the outcome of any election on the question of election of members of the Board of Directors.

The order further provided, "This order shall not be effective unless and until plaintiff executes and files with the clerk a bond, *in conformity with the law*, in the amount of Ten Thousand and %100 dollars ($10,000.00)." (Emphasis added.)

The bond filed by Risinger was in the amount of $10,000.00, with Jack Nelson and James Sam Cooper listed as sureties.

Lamar filed a motion to dissolve the temporary restraining order or, in the alternative, to increase the amount of the bond. The motion alleged, aside from the allegations that $10,000.00 was not enough security, that:

[T]he record is entirely devoid of any evidence that either Jack Nelson or Sam Cooper are "good and sufficient" sureties. There is no affidavit of solvency on the record. In fact, it appears that Risinger picked two persons who are not sureties at all, but who rather should be parties in this lawsuit.... To have a bond in a [temporary restraining order] case signed by two interested parties as sureties, without ANY evidence of their solvency, was an abuse of discretion by this Court and the bond should immediately be stricken until such time as Nelson and Cooper provide the Court with evidence of their solvency.

On December 14, 2000, a hearing was held on the motion to dissolve the tempo-

rary restraining order. The only mention at that hearing regarding the sufficiency of the sureties was the following:

> MR. DENNEY [Attorney for Lamar and Cap Rock]: Your Honor, may I just clarify the record? Is the court denying us a chance to examine the sureties about their solvency and ability to—
>
> THE COURT: Yes....

The trial court granted the temporary injunction, continuing in effect the bond issued for the temporary restraining order, i.e., $10,000.00 with the above-named individuals as sureties.

■ One point of error is raised in this appeal: Did the trial court err in denying Cap Rock's and Lamar's requests to examine the two sureties on the temporary injunction bond?

Rule 684 of the Texas Rules of Civil Procedure provides in part as follows with regard to a trial court's order granting any temporary restraining order or temporary injunction:

> In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, *with two or more good and sufficient sureties*, to be approved by the clerk, in the sum fixed by the judge, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part.

TEX.R. CIV. P. 684 (emphasis added).

While many of the cases discussed below involved supersedeas and other types of bonds, the rules requiring the sureties on those bonds to be "good and sufficient" are applicable to the requirements for the sureties on the type of bonds at issue in this case.

The phrase "good and sufficient sureties" is, and has been for many years, a requirement for a bond filed in connection with some extraordinary, injunctive, or summary action taken by a court. For example, a successful plaintiff in the trial court, who obtains a money judgment against a defendant, is entitled to undertake appropriate legal proceedings to collect its judgment, even pending an appeal by the defendant, unless the defendant supersedes the judgment by means of a proper bond with proper sureties. TEX. R.APP. P. 24.1(b)(1)(D) requires that in order to supersede a money judgment pending an appeal, a bond must, among other things, be signed by a sufficient surety or sureties as obligors. TEX.R.APP. P. 24.4(a)(2) permits an appellate court to review the sureties on any supersedeas bond. *See generally McDill Columbus Corp. v. Univ. Woods Apartments, Inc.*, 7 S.W.3d 923, 925 (Tex.App.—Texarkana 2000, no pet.).

In *TransAmerican Natural Gas Corp. v. Finkelstein*, 911 S.W.2d 153 (Tex.App.—San Antonio 1995, orig. proceeding), the court of appeals determined that the two sureties provided by defendants on their appeal of an $18 million judgment were insufficient in that they failed to provide the judgment creditor any security *"in addition to the personal liability of the appellant*, for the payment of the judgment." *Id.* at 155. The court held that some form of review of the propriety of the security furnished, either by the trial court, if there were material factual disputes, or by the court of appeals, was proper. *Id.* at 154–55. Cases from Texas and other jurisdictions establish clearly

that a court may review the adequacy or sufficiency of sureties on such bonds.

In *Ex parte Moss*, 459 S.W.2d 194 (Tex. Crim.App.1970), the Texas Court of Criminal Appeals upheld a trial court's denial of habeas relief to a criminal defendant who had tendered bail to the sheriff allegedly "by a good and sufficient surety." The sheriff had refused to accept the bail because a licensed attorney was named as a surety on the bond and the district judge had instructed him not to accept such bonds signed by the attorney as a surety. *Id.* at 195. The bond tendered to the sheriff was not offered into evidence, and the court noted that "[n]o proof of the sufficiency of the surety appear[ed] in the record." The court held that absent proof of proper bonds signed by a good and sufficient surety, no abuse of discretion by the trial court was shown. *Id.*

In *Benge v. Foster*, 74 S.W.2d 542 (Tex. Civ.App.—Amarillo 1934, writ ref'd), the plaintiff sued the clerk of the court for allegedly negligently approving a replevin bond without determining whether it was signed by "two or more good and sufficient sureties." *Id.* at 544. The court of appeals reversed the trial court's judgment in favor of the clerk because of erroneous jury instructions pertaining to the definition of "good and sufficient sureties." Its analysis of such requirements is instructive:

> The bond in question is strictly statutory and one of its imperative demands, as expressed in article 4084, is that such bond must be signed by "two or more good and sufficient sureties." We are not authorized to judicially amend this article by making it read in effect that such a bond is sufficient if any of its signers were solvent on the date of its execution. We cannot hold that the Legislature didn't mean what it said when two "good and sufficient" sureties

were required—that it meant that neither surety need be "good and sufficient" if the principal was [sic] solvent, or, if he were insolvent, then one good and sufficient surety sufficed even if all the others were bankrupt.

*Id.*

In *Glascock v. Mansfield*, 25 Tenn.App. 401, 158 S.W.2d 358 (1941), one of the issues to be determined was whether the plaintiff real estate brokers, seeking to recover commissions, had been properly licensed as real estate agents. Tennessee law at that time required, among other things, that persons could not engage in the business of real estate agents "without obtaining a license and giving a bond to the State of Tennessee, executed by two good and sufficient sureties...." The statute further provided that if one of the named sureties died, became insolvent, moved from the state or otherwise became undesirable, the clerk was to direct the real estate agent to appear and give another, sufficient bond or give up his license. *Id.* at 358–59. The Tennessee court held that the bond filed by the two agents, who were partners, was insufficient as a matter of law, on the ground that each partner signed as principal for himself and as surety for the other, and the statute plainly required security in addition to that of the principals. *Id.* at 359.

In *Smith v. Weaver*, 41 Pa.Super. 253 (1909), part of the plaintiff's contractual obligation to the defendant was that he furnish a performance bond with a "good and sufficient surety" satisfactory to the defendant. The defendant found the surety unacceptable. In an attempt to show that the defendant had arbitrarily rejected the surety, the plaintiff offered an affidavit. The court held that the affidavit was "clearly not evidence. The surety could have been called and would have thereby subjected himself to a cross-examination

by the defendant." *Id.* at 256. The court held that calling the surety as a witness is the proper way to determine whether the surety is "good and sufficient."

These cases establish that the conditions imposed on a performance bond, appeal bond, or other similar obligation, including the sufficiency of the sureties on that bond, are proper subjects for inquiry by the potential obligees of these bonds. In the *McDill Columbus* case, there were two full-fledged hearings regarding the sufficiency of the amounts and the sureties on the supersedeas bond that was offered by the judgment debtor. *McDill Columbus Corp.*, 7 S.W.3d at 925.

Risinger has cited *Hill v. Halliburton*, 32 Tex.Civ.App. 21, 73 S.W. 21 (1903, orig.proceeding), in support of his argument that the matter of the sufficiency of the bond is a matter of discretion with the clerk and the trial judge may not set aside the clerk's approval of a bond. We think this case is clearly distinguishable from the present case and does not aid Risinger. This case concerned an appeal bond, filed in support of the appeal of an interlocutory order appointing a receiver. The supersedeas bond was filed with and approved by the clerk, which allowed the appeal to go forward to the court of civil appeals. Another party moved the trial court to expunge the approval of the bond by the clerk, alleging that the supersedeas bond was not sufficient, and the original appellant sought injunctive relief against the trial judge to prevent such action. The appellate court granted the injunction, holding that any issue as to the sufficiency of the bond concerned the jurisdiction of the appellate court and that the appellate court had sole authority as to its own jurisdiction, not the trial court.[1] This case

does not hold that in every instance where a bond is required to be filed with and approved by the clerk of court, the clerk's discretion in such instances is absolute and may not be reviewed in any manner, as Risinger contends.

As noted above, this is an appeal from the trial court's denial of Lamar's and Cap Rock's motions to dissolve the temporary injunction against the holding of the annual meeting and annual elections, an appealable interlocutory order under Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(4). *See Henke v. Peoples State Bank*, 6 S.W.3d 717, 720 (Tex.App.—Corpus Christi 1999, pet. dism'd w.o.j.). It has been held that with regard to orders providing for injunctive relief, compliance with the conditions specified in the Rules of Civil Procedure is mandatory.

In *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334 (Tex.2000), the issue concerned the absence in the injunctive order of a requirement of Rule 683 that the case be set for trial on the merits. The Texas Supreme Court ruled that an injunctive order not containing such a provision was subject to being declared void and the injunction subject to being dissolved. *Id.* at 337; *see also InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex.1986); *Ex parte Lesher*, 651 S.W.2d 734, 735–36 (Tex.1983); *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303, 308 (1956).

▮ The determination of whether to dissolve a temporary injunction lies within the sound discretion of the trial court. On appeal, our review is limited to whether the trial court abused its discretion. In such instances, the burden is on the appel-

---

1. The present Rules of Appellate Procedure provide for continuing trial court jurisdiction over the amount of the supersedeas bond, with appellate review. *See* Tex.R.App. P. 24.3, 24.4.

lants to demonstrate such abuse of discretion. *Henke,* 6 S.W.3d at 720.

The Rules of Civil Procedure require "good and sufficient" sureties, and the case law discussed shows that, if challenged, the sureties should be subjected to examination by the potential obligees in order for the court to properly exercise its discretion in determining whether they are good and sufficient sureties. We find that Lamar and Cap Rock met their burden of demonstrating that the trial court abused its discretion in refusing to permit their attorneys to examine the sureties regarding their financial conditions.

The temporary injunction is dissolved, and the cause is remanded to the trial court for further proceedings consistent with this opinion.